## Bishop v. Commonwealth.

May 4, 1948.

James T. Robertson for appellant.

Eldon S. Dummit, Attorney General, and Josephine Hughett, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

On the twenty-second day of May, 1947, appellant pleaded guilty to voluntary manslaughter under an indictment charging her with the murder of her brother. Upon recommendation of the Commonwealth's Attorney, which was in pursuance of an agreement with the defendant, the jury returned a verdict of guilty and sentenced appellant to serve eight years in the State Reformatory. On the seventeenth day of July, 1947, appellant filed a motion to set aside and vacate the judgment, and to be allowed to plead not guilty to the charge. After hearing the evidence the Court overruled the motion, from which order this appeal has been taken.

Appellant was the only witness called in her behalf, and testified:

"Judge, I come here to Court and they asked me to cop out for twenty-one years, and I denied it."

In describing her conversation with the attorney of her own choice, she said:

"I didn't accept twenty-one years; and he fooled around for a while and he picked up his hat and he said —said he didn't care to take my case—that was the best he could do for me, and that he would walk out of Court, and then he got mad—he came back and said 'I can get you eight years,' and I didn't know what else to do about it so I took the eight years, because I didn't know nothing about lawyers,—I didn't know nothing about lawyers or anything like that so I took the eight years, * * * "

Still speaking of the conversation with her lawyer, she said:

"He said he didn't know whether they would give me a death sentence or not, and it was the best he could do for me, and if I didn't take it he would walk out, so I accepted the eight years."

The Court then asked her if she did not appear before him in person and voluntarily state that she was willing to plead guilty and to accept a sentence of eight years for voluntary manslaughter; she replied that she did; however, she explained that she was doing what her lawyer told her to do. Appellant's counsel intimates in his brief that Honorable Frank Ropke, Commonwealth's Attorney of Jefferson County, and Honorable Carl Ousley, Assistant Commonwealth's Attorney, coerced appellant into agreeing to plead guilty under the threat of a sentence to the electric chair. However, appellant herself exonerated these gentlemen when she testified as follows:

Question by Mr. Ropke:

"Q. Did Mr. Stone (appellant's attorney) tell you they were going to send you to the electric chair? A. He said something about that; he said he didn't know if I would get twenty-one years or the electric chair.

"Q. Did I say anything to you about the electric chair? A. No, sir.

"Q. Did Mr. Ousley say anything to you about the electric chair? A. No, sir."

She further testified that she had only a "few seconds or a few minutes" to think over the proposition of whether she should plead guilty and accept eight

years at the hands of the jury. However, the record shows without contradiction that her attorney negotiated with the attorneys for the Commonwealth over two hours before defendant's proposition of eight years was accepted. That first the Commonwealth insisted on recommending twenty-one years, later dropped to twelve, and finally agreed to eight years. Appellant further testified that she was not familiar with court procedure; but on cross-examination admitted that she had been arrested and arraigned in court "a good many times." When asked if the number of times she had been arrested was not "around fifty," she answered, "I can't say."

"Q. A good many times? A. I don't think it would be quite that many."

The Commonwealth introduced appellant's attorney, who denied that he told her that she might get the electric chair; but he stated that he did tell her that he thought the jury would give her either twenty-one years or life, that the Commonwealth had agreed to recommend eight years, and that he advised her to plead guilty and accept that sentence. Appellant contends that she was greatly upset at the time the case was called for trial, because she had had no experience with courts or lawyers; yet she admitted that she had been arraigned in court, but did not think she had been arrested quite as many as fifty times. In addition to that, the underworld expression, "cop out" for twenty-one years, indicates that she was not as ignorant of her plight as she would have us believe.

All of the testimony, particularly that of appellant, convinces us thoroughly that she was treated as fairly at the hands of the Court, the office of the Commonwealth's Attorney, and her own attorney, as a defendant in any case within our recollection. We think the Court properly overruled the motion.

The judgment is affirmed.